(No. 10947.)

HATTIE W. MULLARKY, Appellee, *vs.* WILLIAM G. TRAUTVETTER *et al.* Appellants.

*Opinion filed December 21, 1916—Rehearing denied Feb. 8, 1917.*

1. REGISTRATION OF TITLE—*application to register title need not aver invalidity of adverse claim.* An application to register title which states the names and addresses of the adverse claimants and the nature of their claims, as the statute requires, need not aver the invalidity of the adverse claims.

2. SAME—*burden is on each party to establish validity of his own title.* It is the intention of the statute regarding registration of titles that all parties interested shall be before the court and that each shall have the burden of establishing his title, and while it is thus incumbent on the applicant for the initial registration to establish the validity of his title he need not establish the invalidity of an adverse claim.

3. SAME—*equitable right of an adverse claimant must be established before applicant is required to do equity.* While the applicant for initial registration of title may be required to do equity to an adverse claimant before his title will be registered, the burden of establishing the existence of such equity rests upon the adverse claimant, and where the latter bases his claim on an alleged contract of sale but shows neither performance on his part nor non-performance of the other party, proof of the agreement, alone, will not establish any right, title or interest requiring equitable action by the applicant.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

EDWARD J. KELLEY, for appellants.

ALBERT E. BEATH, DANIEL A. ROBERTS, and HARRY L. BRIN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On the application of Hattie W. Mullarky the circuit court of Cook county registered her title to certain real estate, and William George Trautvetter and Anna Louise Trautvetter, who were defendants, have appealed. Their objections to the decree are that neither the allegations of the bill nor the proofs in the record are sufficient to sustain it.

The act for the registration of title prescribes both the form and substance of the application and requires it to state whether any other person than the claimant has any estate or claims any interest in the land, and, if any, to set forth the name and post-office address of every such person and the nature of his estate or claim. In attempted compliance with this requirement the application as finally amended stated the names and address of the appellants and set forth the nature of their claim as some interest growing out of a contract of sale of said real estate made by Julian Van de Berge and the appellants, giving a copy of the contract, showing when and where it was recorded, and averring that the contract was never carried out by reason of a breach of the same on the part of the appellants; that Julian Van de Berge was at all times, to the date of its expiration, ready and able to perform his part of such contract but the appellants defaulted and refused to carry out their part. The contract set out was an agreement for the sale of the premises by Louisa Van de Berge and Julian Van de Berge, her husband, to the appellants for $4500, dated February

11, 1914, and filed for record April 18, 1914. It acknowl-
edged the receipt of $200 earnest money, to be forfeited
upon failure of performance by the appellants, and declared
time to be of the essence of the contract. Though the agree-
ment purported in its commencement to be between Louisa
Van de Berge and Julian Van de Berge, her husband, and
Anna Louise Trautvetter and William G. Trautvetter, it
was signed only by Julian Van de Berge and W. G. Traut-
vetter.

The appellants insist that the application is insufficient
because the allegations of readiness to perform on the part
of Van de Berge and of default on the part of Trautvetter
are only conclusions of the pleader, and there is no allega-
tion of performance, in fact, by Van de Berge of those
things which he was required to perform. The contract
required the vendor to furnish within a reasonable time a
complete abstract of title or a merchantable copy brought
down to date, and there is no allegation that this was done.

The appellants argue that a complainant seeking the can-
cellation of an agreement for the sale of real estate must
show, by specific allegations of acts, that he did all that
was required of him by the contract before the other party
could be in default for not complying with the agreement.
This is undoubtedly true of a bill to set aside an agree-
ment or remove a cloud from title, and the allegations in
the application would be insufficient. in a bill in chancery
to remove the agreement as a cloud on the title. This ap-
plication is not, however, such a bill. The application is
required to be made to a court having chancery jurisdic-
tion but the proceeding is statutory. The power of the
court of chancery to remove a cloud from the title is called
into operation, not in the usual way by the filing of a bill,
but by an application the form and contents of which are
prescribed by statute, as well as the decree which may be
rendered upon it. When pleading according to a form pre-
scribed by a statute it is not necessary, in order to obtain

relief authorized by the act, to state more than the act requires. It was unnecessary in the application to aver the invalidity of the adverse claim of title. All that was required was to set forth the names and address of the adverse claimants and the nature of their claim. *Gage* v. *Consumers' Electric Light Co.* 194 Ill. 30; *Gage* v. *Caraher,* 125 id. 447.

The applicant introduced no evidence in regard to the contract and the appellants introduced none in regard to the performance of it by either party. It was admitted that Louisa Van de Berge had the title on February 11, 1914, and it was shown that she, together with her husband, conveyed it to the appellee on April 17, 1914, who then had knowledge of the agreement, but there is nothing in the record to show whether or not either of the parties had complied or had failed to comply with the agreement. The answer denies that Van de Berge was ready, willing and able to perform his part of the contract and denies any default on the part of the appellants. The burden of proof is on the applicant for the initial registration of title to establish the validity of his title. It is not incumbent on him, however, to establish the invalidity of an adverse claim of title. (*Glos* v. *Hoban,* 212 Ill. 222; *Glos* v. *Talcott,* 213 id. 81; *McMahon* v. *Rowley,* 238 id. 31; *Waugh* v. *Glos,* 246 id. 604.) It is the intention of the act that all parties interested shall be before the court and that each shall have the burden of establishing his title, interest, claim or lien. Where the proof fails the claim fails. Proof of the agreement, alone, did not show any interest in the appellants. The burden was on them to aver and prove facts showing their interest, if any, in the land. The form of the issue made no difference. Whether the appellants averred performance or the applicant non-performance, the burden of proof still remained upon the appellants to establish their claim. While the applicant for initial registration of title may be required to do equity to adverse claimants before

his title will be registered, the burden of establishing the existence of such equity rests upon the adverse claimant. The evidence showed no right of the appellants, legal or equitable, in the real estate or against the applicant.

*Decree affirmed.*