EUCLID CORPORATION, Plaintiff-Appellee, *v.* THOMAS M. TULLY, County Assessor of Cook County, *et al.*, Defendants-Appellants.

First District (1st Division)     No. 63049

Opinion filed September 7, 1976.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for appellants.

David H. Brill, of Chicago (Allen S. Gerrard and Robert P. Sheridan, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The Cook County Assessor, Clerk and Collector appeal from a decision of the circuit court granting plaintiff, Euclid Corporation ("taxpayer"), a preliminary injunction against a real property tax increase.

The subject property which is owned by the taxpayer is located on the west side of Chicago. The taxpayer alleged that in the year 1974 the assessor increased the assessed value of the property from $38,197 to $104,999, and that this was an illegal, excessive and constructively fraudulent assessment. The defendants' position set forth in a motion to dismiss the complaint was (and is on appeal) that the taxpayer should have followed the legal remedy of payment under protest set forth in sections 194 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, pars. 675 and 716), and that the availability of this remedy precluded equitable relief. The trial court denied the defendants' motion to dismiss and granted the taxpayer's motion for a preliminary injunction.

The issues on appeal are: (1) Was it proper to issue a preliminary injunction where the taxpayer, although claiming it had no adequate remedy at law, failed to set forth allegations indicating it was financially unable to pay the tax? (2) If not, should the plaintiff be allowed on appeal to amend its complaint?

*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299, held that a constructively fraudulent assessment was not a sufficient basis for equitable relief without a showing that the taxpayer's statutory legal remedy is unavailable. The court pointed out:

"If a taxpayer may obtain injunctive relief from such assessments [*e.g.*, those which are alleged to be constructively fraudulent] without showing the inadequacy of the statutory remedy, he would thus be encouraged to follow the relief provided by equity

and to abandon the one provided by law. Under the equitable remedy there is no requirement that the tax be paid before the suit is instituted unless the court, as in the present cases, imposes such a requirement. The door would thus be opened for all constructively fraudulent assessment cases to be tried in equity, thereby bypassing the statutory requirement that taxes be paid under protest and objections filed to the application for judgment." (56 Ill. 2d 101, 108.)

The reasoning of *Clarendon* dictates that a taxpayer seeking equitable relief from an allegedly fraudulent assessment must allege, with particularity, those facts which show that he is unable to pursue the remedy created by sections 194 and 235 of the Revenue Act. The complaint does not contain allegations of this nature.

The taxpayer asserts, however, that under some circumstances the statutory remedy may be inadequate even where the taxpayer can afford to pay the assessed taxes under protest. *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833, demonstrates the reluctance of courts to conclude that such circumstances exist except in extreme factual situations. In *Hoyne*, the court relied on the following combination of facts in upholding equitable relief from the taxpayer's 1971 assessment: (i) The assessment was increased from $9,150 in 1970 to $246,810 in 1971; (ii) the assessment was based on a highest and best use of the property which the assessor knew to be contrary to the existing zoning; (iii) while approximately 200 lots were assessed as improved with sewers and water, only 19 lots were improved with sewers and a water main only served part of the property; (iv) a substantial portion of the property was swampy and not usable without expensive improvements; and (v) the taxpayer first received notice of the increased assessment after the Board of Review for McHenry County had completed hearings on objections to the assessments upon which the 1971 taxes were based so that the taxpayer was precluded from seeking relief through administrative channels.

That the last fact—inadequate notice—was crucial to the decision in *Hoyne* is demonstrated by the *Hoyne* court's treatment of the taxpayer's 1972 assessment. The assessment for that year was as excessive as that for 1971. Yet the court, with the same facts before it except the absence of notice, held that an injunction against the 1972 taxes was unwarranted stating:

"The same facts requiring equitable consideration do not exist, however, as to the 1972 taxes. Although the plaintiff had knowledge of the excessive assessment long before the 1972 tax bills were received, it elected not to pursue the remedy provided by statute. Instead it elected to file its suit seeking equitable relief

and deposited the amount of the taxes with the circuit clerk. There is nothing here concerning the 1972 taxes which distinguishes this case from *Clarendon* * * *." 60 Ill. 2d 84, 91.

In the present case, as in *Mid-Continental Realty Corp. v. Korzen*, 40 Ill. App. 3d 133, 351 N.E.2d 376, the taxpayer had adequate notice. Consequently, it was improper to issue a preliminary injunction in the absence of a sufficient showing of the inadequacy of the statutory legal remedy requiring payment of the full tax under protest.

The taxpayer emphasizes the inconsistency of the assessor's treatment of the property. In 1970, a quadrennial year, the valuation was raised from $38,197 to $110,222 but then reduced to the previous figure of $38,197. For the quadrennial commencing January 1, 1974, the valuation was raised to $104,999; then for the next year the valuation was lowered to $55,000. These fluctuations may be evidence of constructive fraud, but they do not establish that the taxpayer's statutory remedy was inadequate.

The complaint as filed failed to allege facts sufficient to demonstrate the inadequacy of the taxpayer's remedy at law. The taxpayer attempts to remedy this deficiency by moving in this court pursuant to Supreme Court Rules 362 and 366 (Ill. Rev. Stat. 1975, ch. 110A, pars. 362 and 366) to amend its complaint by the addition of the following language which is underscored:

"Par. 8. * * * The indicated increase for 1974 over the taxes for the year 1973 was $8,170.08, or an increase of 169.7%, which is exorbitant and confiscatory, since the 1974 taxes are now equivalent to 27.24% of the potential gross annual income, fully rented, *and the Plaintiff is financially unable to pay said taxes under protest.*

* * *

"Par. 11. * * * Because of the excessive assessments as hereinbefore set forth for tax purposes, *and the Plaintiff's financial inability to pay such excessive taxes under protest*, this Plaintiff is without remedy except in a court of equity."

We need not consider our authority under Rules 362 and 366 to permit the amendment because the additional allegations the taxpayer proposes are conclusory and do not set forth sufficient ultimate facts to demonstrate why the financial standing of the taxpayer precludes it from pursuing its statutory legal remedy. (See *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723; *B.L. Cartage Co. v. City of Chicago* (1976), 35 Ill. App. 3d 1055, 1064, 342 N.E.2d 733.) In *Van Dekerkhov* our Supreme Court said (51 Ill. 2d 374, 376):

"As has been pointed out, the line between 'ultimate' facts and 'conclusions of law' is not easily drawn. (*Herman v. Prudence Mutual Casualty Co.* (1969), 41 Ill. 2d 468, 475.) The same

allegation may in one context be deemed to be one of ultimate fact, while in another, ' * * * where from a pragmatic viewpoint some of these words do not give sufficient information to an opponent of the character of evidence to be introduced or of the issues to be tried, they are held to be legal conclusions. What is law, what are facts, and what is evidence, for pleading purposes, can be determined only by a careful consideration of the practical task of administering a particular litigation.' McCaskill, Illinois Civil Practice Act Anno., p. 70 (1933)."

In the case before us, the defendants' motion to dismiss admitted properly pleaded facts of the complaint, but not conclusions of the pleader. (*City of Chicago v. Loitz* (1975), 61 Ill. 2d 92, 93, 329 N.E.2d 208; *B.L. Cartage Co. v. City of Chicago* (1976), 35 Ill. App. 3d 1055, 342 N.E.2d 733.) The proposed amendment lacks ultimate facts explaining how and why the taxpayer's alleged financial position leaves it unable to pay the tax. We, therefore, deny the taxpayer's motion for leave to amend the complaint without prejudice to its right to apply to the circuit court for leave to file a proper amendment if it so desires, and the order awarding the taxpayer a preliminary injunction is reversed.

Order reversed.

GOLDBERG, P. J., and BURKE, J., concur.