583 F.2d 419
 18 Fair Empl.Prac.Cas. 709, 18 Empl. Prac.
Dec. P 8676
 Bernard SMALLWOOD, for himself and on behalf of all other
persons similarly situated, Plaintiff-Appellee,
v.
NATIONAL CAN COMPANY, Local 1518, International Association
of Machinists& Aerospace Workers, AFL-CIO,
Defendants-Appellants.
 
 Nos. 76-1896, 76-3306.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 6, 1978.
 Michael J. Shelley (argued), Rose, Klein & Marias, Los Angeles, Cal., for defendants-appellants.
 Barry S. Willdorf (argued), San Francisco, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before CHAMBERS, CUMMINGS,* and ANDERSON, Circuit Judges.
 CHAMBERS, Circuit Judge.
 
 
 1
 In 1974 appellee Smallwood filed an action against his employer charging discrimination against him and other blacks in terms of compensation, conditions and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.) and the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1988). He thereafter filed an amended complaint joining appellant Local as a defendant and charging that it had retaliated against him for having filed the lawsuit, by improperly denying his reinstatement in the union, in violation of Section 704(a) of Title VII (42 U.S.C. § 2000e-3(a)).**
 
 
 2
 The district court held a hearing on the retaliation issue and found that the Local's witnesses were not credible and that the Local had acted with retaliatory intent. This appeal is taken from the permanent injunction which was issued restraining the Local from denying Smallwood membership or retaliating against him in any other way. The Local raises a variety of issues.
 
 
 3
 Despite appellant's arguments to the contrary, there was more than enough evidence from which the district court could find that the Local acted out of retaliatory motivation. Its manner of proceeding, in violation of its own rules and procedures, coupled with the confusing and sometimes contradictory explanations offered by the Local, support the court's findings. The findings of the district court will not be overturned unless they are clearly erroneous. Rule 52, F.R.Civ.P.; McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954). They are not "clearly erroneous" unless we are led, on a review of the entire record, to be of "a definite and firm conviction that a mistake has been committed" giving due regard to the trial judge's opportunity to judge the credibility of the witnesses. United States v. Oregon State Medical Society, 343 U.S. 326, 339, 72 S.Ct. 690, 698, 96 L.Ed. 978 (1952). It has not been demonstrated that there was error in this case, much less clear error. The evidence was sufficient.
 
 
 4
 Appellant claims that it was improper to issue the injunction without a finding of irreparable harm. But this is an injunction issued in response to a statutory provision, and irreparable harm is presumed from the fact of the violation of the Act. United States v. Hayes International Corp.,415 F.2d 1038, 1045 (5th Cir. 1969); United States v. Central Carolina Bank & Trust Co., 431 F.2d 972 (4th Cir. 1970). We also disagree with appellant's contention that an injunction could not properly be issued at this stage of the proceedings but must await the final determination of the employment discrimination claim against the employer. The Act forbids various types of discrimination and then, in Section 704(a) (42 U.S.C. § 2000e-3(a)), defines retaliation by a labor organization as an unlawful practice, in and of itself. The statutory scheme seeks to assure that a plaintiff will not be harassed because he brings an action under the Act. Such harassment, if permitted, could contaminate the process by which the final judgment on the underlying claim is determined. It was entirely proper for the district judge to issue the injunction as he did, to assure the integrity of the judicial process.
 
 
 5
 Appellant also claims that the court's findings of fact included inconsistent alternative findings. The first that he was reinstated, under an estoppel theory. The second was that he was denied reinstatement as a result of the Local's activity. It is appellant's contention that if the first alternative finding were true, then there would be no jurisdiction as appellee had failed to exhaust union remedies before filing his Civil Rights Act lawsuit. The argument is without merit. There is no duty, to exhaust union remedies as a precondition to suit under Title VII. Gibson v. Local 40, Supercargoes and Checkers, etc., 543 F.2d 1259, 1266 fn. (9th Cir. 1976); Waters v. Wisconsin Steel Works, etc., 502 F.2d 1309, 1316 (7th Cir. 1974); see Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); Oubichon v. North American Rockwell Corp., 482 F.2d 569, 572 (9th Cir. 1973).
 
 
 6
 Finally, appellant contends that appellee may not be entitled to attorney's fees and costs under Section 706(k) of Title VII (42 U.S.C. § 2000e-5(k)) as he is not yet the "prevailing" party and cannot be considered as such until the entire case is adjudicated. We disagree. The fees and costs awarded by the district court for the efforts in obtaining the injunction are clearly reasonable and there was no error in awarding them at this time; the attorney's efforts were "sufficiently significant and discrete to be treated as a separate unit" under this provision of the Act. Van Hoomissen v. Xerox Corp., 503 F.2d 1131, 1133 (9th Cir. 1974).
 
 
 7
 Affirmed.
 
 
 
 *
 The Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 Section 704(a) states that it is an unlawful practice,
 ". . . for a labor organization to discriminate against any member thereof or applicant for membership because he has . . . made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."