(No. 58663

ROXANNE SADAT, Appellant, v. AMERICAN MO-
TORS CORPORATION, Appellee.

*Opinion filed October 19, 1984.—Rehearing
denied November 30, 1984.*

SIMON, J., dissenting.

Randall D. Schmidt, of Chicago, and Will Montgomery and John J. Goggins, law students, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey and Paul B. O'Flaherty, Jr., of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Roxanne Sadat, filed a complaint for injunction against defendant, American Motors Corporation (AMC), in the circuit court of Cook County. Plaintiff alleged a breach of her automobile's full AMC warranty

and sought a mandatory injunction, compelling AMC to replace her automobile and pay attorney fees and costs pursuant to the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (commonly known as the Magnuson-Moss Warranty Act) (Act) (15 U.S.C. sec. 2301 *et seq.* (1976)). The circuit court dismissed plaintiff's complaint for failure to state a cause of action for injunction. The appellate court upheld the circuit court's dismissal of the complaint. (114 Ill. App. 3d 376.) We allowed plaintiff's petition for leave to appeal. 87 Ill. 2d R. 315(a).

This appeal presents one question: Must a complaint for injunctive relief, seeking to obtain remedies authorized by the Act, include allegations of irreparable harm and an inadequate remedy at law?

Plaintiff's complaint for injunction indicates that she entered into a retail installment contract with an AMC dealer for the purchase of a new 1979 Concord, manufactured by the defendant. A written "1979 Full 12-Month/12,000 Mile New Car Warranty" was issued to the plaintiff at the time of purchase. The complaint reveals that while the car was under warranty it was plagued with a number of serious mechanical defects. The engine leaked oil. The steering column vibrated excessively. The transmission would slip from park to reverse while the car was stopped. The engine dieseled when the ignition was turned off. The brakes would intermittently fade or were difficult to engage. An exhaust-like odor was apparent in the automobile.

Although the plaintiff took her automobile to an AMC dealer seven times, mechanics, authorized by the defendant to make repairs under its warranty, were unable to remedy the defects. At this point, plaintiff requested a replacement automobile, without charge, pursuant to section 104(a)(4) of the Act (15 U.S.C. sec. 2304(a)(4) (1976)). When the defendant refused to honor this re-

quest, plaintiff filed the complaint for injunction, without alleging that her remedy at law was inadequate and she would suffer irreparable harm if injunctive relief were not granted. The prayer for relief specifically requested the court to order the "Defendant to replace Plaintiff's automobile with a new, 1979, 2-door, Concord automobile, or a comparable or superior automobile, or its cash equivalent."

The defendant moved to dismiss the complaint and order the action transferred to the law division. In support of its motion, the defendant argued that Federal courts have consistently found that questions regarding remedies under the Act are governed by State law. Thus, to state a cause of action for injunctive relief under Illinois law, a plaintiff must plead and prove, in addition to other allegations, that he will suffer irreparable harm and is without an adequate remedy at law. Further, the defendant maintained that plaintiff's complaint conceded the adequacy of her remedy at law by requesting a refund of the purchase price of the car as an alternative to replacement.

In response, the plaintiff contends that her complaint stated a cause of action for injunctive relief under sections 104(a)(4) and 110(d) of the Act (15 U.S.C. secs. 2304(a)(4), 2310(d)(1) (1976)). Section 104(a)(4) of the act provides in relevant part:

> "(a) In order for a warrantor warranting a consumer product by means of a written warranty to meet the Federal minimum standards for warranty—[he must do the following:]
>
> \* \* \*
>
> (4) if the product (or component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part

(as the case may be). \*\*\*" (15 U.S.C. sec. 2304(a)(4) (1976).)

Section 110(d)(1) of the Act provides in relevant part:

"(1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter [15 U.S.C. sec. 2301 *et seq.*], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—\*\*\*." 15 U.S.C. sec. 2310(d)(1) (1976).

It is plaintiff's position that her case involves a statutory injunction rather than a common law injunction. As such, she maintains that she has fulfilled the statutory requirements necessary to state a *prima facie* violation of 15 U.S.C. section 2304(a)(4) entitling her to equitable relief pursuant to 15 U.S.C. section 2310(d)(1) by alleging the following: the existence of a "full warranty"; defects occurring during the warranty period and continuing to the present; a reasonable number of attempts by the warrantor to repair the defects; her demand for a replacement or refund; and defendant's refusal to provide either remedy.

Defendant argues that statutes which authorize injunctive relief must do so explicitly. To illustrate, it refers to the section of the Act which specifically sets forth the conditions under which the Attorney General may obtain injunctive relief to prevent violations of the Act. (15 U.S.C. sec. 2310(c)(1) (1976).) In addition, defendant contends that case authority which recognizes the right to a statutory injunction involves public authorities rather than private parties.

Following a hearing, the motion to dismiss plaintiff's complaint was granted. A review of the report of proceedings reveals that the court found the complaint insufficient for failure to allege irreparable injury and an inadequate remedy at law. The court distinguished the

situation involved in the instant case from cases which have held that the common law pleading requirements of irreparable injury and an inadequate remedy at law did not have to be followed because an injunction was authorized by statute. In those cases, the court reasoned, the term "injunction" was expressly authorized and the legislative intent did not have to be inferred from the term "equitable relief," as in the instant case. In dismissing the complaint, the court suggested that the cause be transferred to the law division. The plaintiff requested that the action not be transferred and appealed the order of the circuit court.

The appellate court decision (114 Ill. App. 3d 376) held that the Act's provision for equitable relief in private actions did not eliminate the need for establishing the traditional allegations of irreparable harm and an inadequate remedy at law. Rather, the court viewed the remedy of replacement or refund as the contractual right of a consumer in possession of a defective product covered by a full warranty. As such, an action for equitable relief to enforce the contractual right would be subject to the traditional common law prerequisites. The court found that its interpretation of the Act did not undermine the Act's remedial purpose since the consumer could maintain an action for damages (15 U.S.C. sec. 2310(d)(1) (1976)), and if successful would also be entitled to costs and attorney fees. 15 U.S.C. sec. 2310(d)(2) (1976).

Plaintiff correctly states the general rule regarding statutory remedies set forth in *Mullarky v. Trautvetter* (1916), 276 Ill. 409, 411-12, that "[w]hen pleading according to a form prescribed by a statute it is not necessary, in order to obtain relief authorized by the act, to state more than the act requires." Accordingly, plaintiff's application to register title to real estate, in *Mullarky,* was found to sufficiently conform to the statutory

provision for the registration of title. The plaintiff had stated what the statute required but had not alleged the invalidity of an adverse claim. Since this substantive requirement was not required by the statute, however, the court found that it was not necessary for the plaintiff to include it in his pleading. The plaintiff, in the instant case, relies on the general rule of *Mullarky,* in support of the position that traditional equitable pleading requirements are waived when a consumer seeks an injunction to enforce remedies allowed by the Magnuson-Moss Act. This reliance is misplaced.

It is clear that under section 104(a)(4) of the Act a warrantor who has extended a full warranty to a consumer must permit the consumer to elect a refund or a replacement of the warranted product if the warrantor is unable to remedy the product defects within a reasonable number of attempts. (15 U.S.C. sec. 2304(a)(4) (1976).) Thus, following the rule set forth in *Mullarky,* a consumer in possession of a defective product covered by a full warranty states a cause of action against the warrantor if she alleges the preconditions for recovery set forth in section 104(a)(4) of the Act (15 U.S.C. sec. 2304(a)(4) (1976)). Plaintiff, in the instant case, attempts to extend the rule of *Mullarky* one step farther. She maintains that, because section 110(d)(1) of the Act affords an injured consumer the right to bring suit for both legal and equitable relief, these same allegations are sufficient to state a cause of action for injunctive relief. We disagree and, for the reasons to follow, hold that a complaint for injunctive relief under section 110(d)(1) of the Act is insufficient absent the traditional showing of irreparable harm and an inadequate remedy at law.

The general rule regarding statutory - remedies has been applied in both State and Federal courts where plaintiffs were seeking the equitable relief created by statutes. As such, the plaintiffs were not required to

plead and prove the traditional elements to obtain an injunction. However, in each of these cases, injunctive relief was expressly authorized as a means of enforcing compliance with the respective statutes.

Illustrative of this line of cases is *People ex rel. Carpentier v. Goers* (1960), 20 Ill. 2d 272. In *Goers,* the Secretary of State sought to enjoin the defendant from selling motor vehicles without a license. The Motor Vehicle Act specifically provided for the issuance of an injunction "to enforce the provisions of [the] Act" (Ill. Rev. Stat. 1959, ch. 95½, par. 2—116). Therefore, the court found that the Secretary's complaint for injunction was adequate without alleging facts showing irreparable harm and an inadequate remedy at law. This same result was reached in *People ex rel. Edgar v. Miller* (1982), 110 Ill. App. 3d 264 (wherein injunctive relief was expressly authorized to prevent violations of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1981, ch. 121½, pars. 137.11(K), 137.13(F)); *Oscar George Electric Co. v. Metropolitan Fair & Exposition Authority* (1982), 104 Ill. App. 3d 957 (wherein section 25 of the Metropolitan Fair and Exposition Authority Act (Ill. Rev. Stat. 1979, ch. 85, par. 1245) allows bidders who submit bids in compliance with the Act to "bring suit in equity *** to compel compliance with the provisions of [the] Act relating to the awarding of contracts by the Board"); *People v. Keeven* (1979), 68 Ill. App. 3d 91 (wherein injunctive relief was expressly authorized to prevent violations of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1042(d)); and *Atchison, Topeka & Santa Fe Ry. Co. v. Lennen* (10th Cir. 1981), 640 F.2d 255 (wherein the Revised Interstate Commerce Act was found to expressly authorize injunctions to restrain violations of the Act) (49 U.S.C. sec. 11503(c) (Supp. IV 1980)).

All of the cases cited above are distinguishable from

the situation we are confronted with in the instant case. Rather than an express statutory grant of authority to issue injunctions, section 110(d)(1) of the Act (15 U.S.C. sec. 2310(d)(1) (1976)) is a generalized provision for civil actions afforded to consumers damaged by the failure of a warrantor to meet Magnuson-Moss warranty obligations. The Act is silent regarding the type of equitable relief available as well as the conditions under which such relief is appropriate. In sharp contrast, section 110(c)(1) of the Act (15 U.S.C. sec. 2310(c)(1) (1976)) specifically establishes the injunction proceedings the Attorney General and Federal Trade Commission may institute to restrain deceptive warranty practices or noncompliance with requirements of the Act. In addition to expressly authorizing injunctive relief, section 110(c)(1) outlines, in detail, the procedure to be followed and the conditions under which injunctive relief will be appropriate. Had Congress intended to establish statutory injunctive rights for consumers, to issue solely on the showing of a statutory violation, it would have done so in the express manner of the respective statutes described above or, more specifically, as provided in section 110(c)(1) of the Act.

Further, as the cases discussed above illustrate, statutes expressly authorizing injunctive relief do so on behalf of either a public official in his capacity as enforcer of a regulatory scheme or, alternatively, provide for the private actions which may be necessary to restrain public officials from acting in a manner inconsistent with that which is prescribed by statute. Thus, the violation of such a statute implies an injury to the general public. Such injury necessitates the statutory authorization for equitable relief and supplants the traditional equitable pleading requirements. As the court in *City of Highland Park v. County of Cook* (1975), 37 Ill. App. 3d 15, 20, stated in response to the defendant's assertion that the

plaintiff's claim for injunctive relief was insufficient for failure to allege irreparable injury:

> "While this is a sound theory where a private party is the plaintiff, it is not when a city or another public body brings the action, alleging violation of its ordinances and State statutes, with resulting damage to its residents."

The plaintiff, in the instant case, relies on two actions brought pursuant to title VII of the Civil Rights Act of 1964 (42 U.S.C. sec. 2000e *et seq.* (1976)) as illustrative of a statutory scheme whereby private plaintiffs may be granted injunctive relief against private defendants without pleading irreparable harm (*Middleton-Keirn v. Stone* (5th Cir. 1981), 655 F.2d 609; *Smallwood v. National Can Co.* (9th Cir. 1978), 583 F.2d 419). It is true that title VII provides for the issuance of an injunction between private parties when the plaintiff shows that discriminatory employment practices have occurred. (42 U.S.C. sec. 2000e—5(g) (1976).) Initially, it should be noted that, unlike the instant case, express authorization for injunctive relief *is* provided within the Act. Under title VII, the Attorney General is authorized to request a permanent or temporary injunction or a restraining order against any person or group of persons believed to be engaged in a pattern or practice of resistance to the rights secured by the Civil Rights Act. (42 U.S.C. sec. 2000e—6 (1976).) As such, in *United States v. Hayes International Corp.* (5th Cir. 1969), 415 F.2d 1038, a title VII class action, the court concluded that it was not necessary to establish irreparable injury when seeking an injunction pursuant to the statute. Specifically, the court stated:

> "We take the position that \*\*\* irreparable injury should be presumed from the very fact that the statute has been violated. Whenever a qualified Negro employee is discriminatorily denied a chance to fill a position for which he is qualified and has the seniority to obtain, he suffers

irreparable injury and so does the labor force of the country as a whole." 415 F.2d 1038, 1045.

The rationale of *Hayes* has been extended to individual actions such as *Middleton-Keirn* and *Smallwood,* where the plaintiffs have exhausted all administrative remedies. Therefore, while title VII of the Civil Rights Act of 1964 does present an example of a statutory provision authorizing an injunction in an action between private parties, the underlying theory seems to recognize irreparable injury to "the country as a whole" with even an isolated violation of the Civil Rights Act.

Therefore, while we conclude that the plain language of the Magnuson-Moss Warranty Act extends the full range of equitable remedies to private litigants in appropriate situations, we do not find that the Act's general grant of equitable relief evinces congressional intent to dispense with the traditional equitable pleading requirements. (See also *Rondeau v. Mosinee Paper Corp.* (1975), 422 U.S. 49, 63, 45 L. Ed. 2d 12, 23, 95 S. Ct. 2069, 2078 (wherein the court found that a private litigant seeking injunctive relief under section 13(d) of the Securities Exchange Act of 1934, as added by the Williams Act (15 U.S.C. sec. 78m(d) (1970)), had "the burden of establishing the traditional prerequisites of relief").) In Illinois it has been recognized that an injunction is an extraordinary remedy which may be granted when the plaintiff establishes that his remedy at law is inadequate and he will suffer irreparable harm without the injunctive relief. (See *City of Chicago v. Festival Theatre Corp.* (1982), 91 Ill. 2d 295; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540; *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318.) (Appellate cases which directly support this proposition include *Wilson v. Illinois Benedictine College* (1983), 112 Ill. App. 3d 932, 937, *Wilfong v. Collinsville Community School District 10* (1982), 107 Ill. App. 3d

930, 933, and *Distaola v. Department of Registration & Education* (1979), 72 Ill. App. 3d 977, 980.) Further, mandatory injunctions are not favored by the courts and are issued only when the court determines that the urgency of the situation necessitates such action. (*Wilson v. Illinois Benedictine College* (1983), 112 Ill. App. 3d 932, 937; *Grillo v. Sidney Wanzer & Sons, Inc.* (1975), 26 Ill. App. 3d 1007, 1012.) As such, "[a] well-pleaded complaint praying for injunctive relief must contain on its face a clear right to relief and state facts which establish the right to such relief in a positive certain and precise manner." (*Parkway Bank & Trust Co. v. City of Darien* (1976), 43 Ill. App. 3d 400, 406.) These factual allegations must specifically establish the inadequacy of legal remedy and the irreparable injury the plaintiff will suffer without the injunction. *Maas v. Cohen Associates, Inc.* (1983), 112 Ill. App. 3d 191, 196; *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 377; 7 Ill. L. & Prac. *Chancery* sec. 176 (1954); 21A Ill. L. & Prac. *Injunctions* sec. 212 (1977).

The Act established the remedies of repair, replacement or refund (15 U.S.C. sec. 2301(10) (1976)) in response to the growing need to "provid[e] consumers with access to reasonable and effective remedies where there is a breach of a warranty on a consumer product." (H.R. Rep. No. 1107, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S. Code Cong. & Ad. News 7702, 7711.) Thus, a consumer seeking to enforce a remedy specifically created by the Act approaches the court in a different posture than a litigant seeking relief under the traditional sales doctrine of the Uniform Commercial Code. (See generally *Private Actions under the Magnuson-Moss Warranty Act,* 66 Calif. L. Rev. 1, 30 (1971).) Nevertheless, the plaintiff, in the instant action, has not set forth facts in her complaint which indicate that she is entitled to injunctive relief. "Although sections [2—612(b)] and

[2—603(c)] of our practice act [Ill. Rev. Stat. 1981, ch. 110, pars. 2—612(b), 2—603(c)] contain provisions concerning liberal construction, such provisions do not remedy the failure of a complaint to state a cause of action." [Citation.] *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17.

Therefore, while plaintiff has stated a cause of action at law for a breach of her automobile's full AMC warranty, she has not satisfied the pleading requirements which we find are necessary for a private litigant to state a cause of action for injunction under the Act. Accordingly, the judgment of the appellate court, affirming the circuit court's dismissal of the plaintiff's complaint for mandatory injunction, is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

Plaintiff is the typical consumer the Magnuson-Moss Act was designed to protect. She paid over $6,700 for an American Motors' car that came with the manufacturer's full 12-month/12,000-mile new-car written warranty, and she got a "lemon." Although she returned the car to the dealer's service shop seven times during the 17 months following its purchase, its defects were so numerous and serious that the car could not be satisfactorily repaired. American Motors does not dispute this. Its position is simply that the plaintiff went about asserting her rights under the Magnuson-Moss Act in the wrong way.

The Act gives the purchaser the right to elect to receive either a refund or a replacement. It also gives the purchaser the right to sue the manufacturer for damages and other legal and equitable relief when a recalcitrant manufacturer refuses to recognize the purchaser's election.

The statute is designed to protect consumers. Its purpose is to make consumers whole. I believe that we

should carry out that purpose. The remedy of replacement provided for by the Magnuson-Moss Act should be easily obtainable so that purchasers are not "runaround" by automobile manufacturers or dealers or subjected to lengthy legal proceedings.

Although the Act expressly grants automobile purchasers the remedy of replacement, the requirements that the majority imposes on a suit under the Magnuson-Moss Act effectively prevent automobile purchasers from pursuing that remedy. Under the majority's holding, the purchaser of a defective car must allege and prove that he will suffer irreparable harm if the automobile is not replaced. Such a showing is difficult, if not impossible, however, when the automobile is one of thousands of mass-produced vehicles with nothing unique about it and when a replacement is readily available for purchase in dealers' showrooms.

Thus, consumers are deprived by the majority of a remedy the Act gives them. This result is contrary to standard principles of statutory construction. A statute should be read as a whole in order to give effect to its purpose. (*Morris v. Broadview, Inc.* (1944), 385 Ill. 228, 231-32.) It should also be construed so as to give effect to every provision, so that no part will be superfluous. (*Morris v. Broadview*; 2A A. Sutherland, Statutory Construction sec. 46.06 (4th ed. 1973).) In keeping with these commonly accepted adages, the Magnuson-Moss Act should be construed in a way that will not effectively read the remedy of replacement out of the Act.

The Act also gives the purchaser the option of seeking money damages. But this is no different than the remedy available to an automobile purchaser with a full warranty prior to passage of the Act (UCC sec. 2—714(2), Ill. Rev. Stat. 1979, ch. 26, par. 2—714(2)), except that the Magnuson-Moss Act gives the trial judge discretion to award attorney fees to automobile purchasers

who prevail under the Act. Clearly it was the intent of Congress in adopting the Magnuson-Moss Act to give consumers recourse in addition to what they already had.

Moreover, an action for damages may not in many instances be as practicable and effective a remedy as an injunction requiring replacement for a person who finds himself stuck with a "lemon." A defendant in a suit for such damages is likely to be able to prolong it for a greater period than a suit for an injunction requiring replacement. In addition, the consumer must be able to bear the burden of the added expense of alternative transportation or obtaining a replacement car, as well as storing the "lemon," and he cannot be certain that the damage award will fully compensate him for such expenses. In a damage suit, there is also the problem of establishing the value of the defective car, which must be deducted from the cost of a new vehicle. This could impose on the purchaser the burden of hiring an appraiser to cope with experts who are readily available to automobile manufacturers. The most expeditious remedy is replacement, which is the remedy Congress intended to give consumers, but which the majority opinion takes away.

The purchaser might be able to allege and prove that he will suffer irreparable harm without injunctive relief on the theory that he requires the use of an automobile to safeguard his health or maintain his livelihood or for some other valid reason, and that he cannot afford to purchase a replacement vehicle. (See *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84; *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101; *Euclid Corp. v. Tully* (1976), 42 Ill. App. 3d 105.) However, this complicates what would otherwise be a simple resolution by introducing a factual question extraneous to the condition of the automobile. The defendant might seize upon

the question of whether the purchaser has assets sufficient to replace the "lemon" to prolong the disposition of his claim for equitable relief.

I would not apply *Mullarky v. Trautvetter* (1916), 276 Ill. 409, 411-12, *Middleton-Keirn v. Stone* (5th Cir. 1981), 655 F.2d 609, *Smallwood v. National Can Co.* (9th Cir. 1978), 583 F.2d 419, and *United States v. Hayes International Corp.* (5th Cir. 1969), 415 F.2d 1038, as narrowly as the majority does. I read the quotation from *Mullarky* set forth in the majority opinion to authorize the granting of equitable relief in this case because the plaintiff has stated in her complaint all that the Act requires. Then I rely on *Middleton-Keirn, Smallwood* and *Hayes* for the proposition that irreparable harm is presumed from the violation of the Act. That the Magnuson-Moss Act speaks in terms of equitable relief rather than the issuance of an injunction I view as a quibble with words.

The purpose of the Magnuson-Moss Act was to give protection to automobile purchasers in addition to that provided by the Uniform Commercial Code; I think we should give consumers the break that Congress clearly intended. The proper rule to follow in this case is simple—a complaint is adequate when it seeks a statutorily granted remedy and alleges the facts required by the statute.

Finally, the majority's assertion that the general rule regarding statutory remedies only applies to cases involving governmental agencies or parties acting in the public interest is not supported by either *Middleton-Keirn* or *Smallwood*. In both of those cases the plaintiff and defendant were private parties. *Rondeau v. Mosinee Paper Corp.* (1975), 422 U.S. 49, 45 L. Ed. 2d 12, 95 S. Ct. 2069, on which the majority relies for this assertion, is unlike this case because it involved a cause of action for a remedy not created by statute, in contrast to the

statutorily created remedy of replacement in an equitable action provided by the Magnuson-Moss Act.

I dissent because I view the complaint as one stating a valid cause of action under the Magnuson-Moss Act.