LOUIS SALZMAN *et al.*, Plaintiffs-Appellees, v. SUMNER TOWNSHIP *et al.*, Defendants-Appellants.

Third District   No. 3—87—0132

Opinion filed October 20, 1987.

Clinton, Tongren & Grim, of Peotone (B. R. Tongren, of counsel), for appellants.

Alan F. Smietanski, of Kankakee, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The defendants, Sumner Township and its highway commissioner, appeal from the trial court's injunctive order which requires them to clean out certain culverts and ditches, raise a sunken culvert, and install culverts at one water crossing to improve the drainage of surface water from the plaintiffs' property. We affirm.

The plaintiffs, owners of certain farmland located in Sumner Township, filed a complaint against the township and its highway commissioner alleging that the defendants raised the roads, failed to provide adequate drainage, and diverted the natural flow of surface waters, all of which caused the plaintiffs' fields to flood. The plaintiffs claimed that in 1982 and 1983 they suffered crop damage as a result of the flooding conditions. The defendants denied raising the roads and failing to maintain adequate culverts; they affirmatively alleged that they had acquired a prescriptive right to divert the water over the plaintiffs' land and that the plaintiffs unreasonably delayed bringing the cause of action.

At the bench trial in this matter, the plaintiffs produced evidence tending to show that the township diverted the natural flow of water at several of the crossings and that some of the culverts were too small or were inadequately maintained so that the net result was that the surface waters backed up onto the plaintiffs' property at times. The defendants presented evidence to show that the system providing for the drainage of surface waters in this area had been in place for over 20 years and that the flatness of some of the plaintiffs' land has contributed to the drainage problems. One of the defendants' witnesses, a former highway commissioner for Sumner Township, admitted that drainage problems and erosion occurred near one of the crossings and that one of the plaintiffs complained to him frequently

about water on his property. Two of the defendants' witnesses testified that one of the roads adjoining the plaintiffs' property had been elevated six inches, but other witnesses presented by the defendants denied this. The parties presented conflicting evidence on the necessity for and potential effect of installing new culverts at some of the crossings. Whether the plaintiffs suffered crop damage was also disputed.

In addition to the evidence adduced at trial, the court, at the request of the parties, conducted a view of the premises on two occasions. The court issued a memorandum opinion and ordered the defendants to clean out culverts and a ditch which had not been adequately maintained, to raise a sunken culvert so that its full capacity could be utilized, to elevate one roadside ditch in order to lessen the amount of extra water diverted into the ditch, and to install culverts at one crossing to promote more adequate drainage. Additionally, the court ordered the road commissioner to repair or replace any damaged tiles under the ditches. The defendants filed the instant appeal.

■■ The primary question on appeal is whether the trial court abused its discretion in granting the plaintiffs' request for injunctive relief. Although an injunction is an extraordinary remedy which may be granted only when a plaintiff establishes that his remedy at law is inadequate and he will suffer irreparable harm without injunctive relief (*Sadat v. American Motors Corp.* (1984), 104 Ill. 2d 105, 115), it is recognized that a trial court has broad discretionary power to grant or deny a request for injunctive relief. (*Hannan v. Watt* (1986), 147 Ill. App. 3d 456.) A reviewing court therefore will consider whether the trial court correctly exercised its broad powers and overturn the ruling only when there has been a manifest abuse of discretion.

■■ Illinois has followed the "civil law rule" of surface water drainage for more than 100 years. (*Mileur v. McBride* (1986), 147 Ill. App. 3d 755.) According to this rule, where adjoining parcels of land are situated such that surface waters from one parcel naturally descend upon others, the owner of the higher (dominant) land has a natural easement in the lower (servient) lands to allow the surface waters to flow naturally off the dominant land upon or over the servient lands. (147 Ill. App. 3d 755, 758.) Road districts construct their roads subject to these natural rights and are legally bound to protect the rights to the extent which they reasonably can. *People ex rel. Speck v. Peeler* (1919), 290 Ill. 451.

In this case, the evidence established that the defendants altered the natural flow of surface waters, diverted water onto the plaintiffs' land, and failed to provide a drainage system which was adequate to

remove the increased level of surface waters from land. Furthermore, the defendants have not maintained the existing drainage system, but have allowed it to deteriorate so that at present it cannot drain surface waters to its full capacity. The defendant road commissioner acknowledged that it was his duty to maintain roads and keep culverts cleaned out, but several of the defendants' witnesses testified, and the trial court found, that certain ditches and culverts in the area had not been maintained properly. One of the defendants' witnesses stated that some erosion problems were associated with the existing drainage system and further testified that on at least one occasion, maintenance work was not completed on a ditch in front of the plaintiffs' property because one of the plaintiffs was "harassing" the road commissioner.

■■ Based on the above, we find that the trial court did not abuse its discretion in issuing injunctive relief. While road construction may necessitate alteration of the natural flow of surface waters, road districts are legally bound to reasonably protect a landowner's rights to natural drainage. This the defendants did not do. An award of money damages would be inadequate here because until the drainage problems are rectified, the plaintiffs will suffer continuous floods and crop damage. The trial judge considered several days of testimony and conducted two views of the premises and, based on all of the evidence, he then ordered the defendants to install new culverts at one crossing and to perform needed maintenance on the existing structures. The trial court's order was carefully drafted to correct existing drainage problems and to partially restore the natural flow of surface waters from the plaintiffs' lands, and we find the order to be amply supported by the evidence. Accordingly, we find that in issuing this injunction, the court properly exercised its broad discretionary powers.

The defendants argue that they have acquired a prescriptive easement to divert the flow of natural surface waters because the drainage system about which the plaintiffs complain has been in existence for over 20 years. They cite cases which have held that when the owner of a dominant estate diverts the natural flow of surface waters for the prescriptive period, he cannot then restore the flow of water back to its original course and cause water to enter onto the servient estate. (*E.g., Mauvaisterre Drainage & Levee District v. Wabash R.R. Co.* (1921), 299 Ill. 299.) These cases are inapposite. That the owner of a servient estate may, by prescription, obtain an easement to free his land from the natural flow of surface waters from a dominant estate is irrelevant here because the defendants are not owners of a servient estate. Therefore, they cannot claim any benefits which may

belong to owners of a servient estate by virtue of a prescriptive easement or otherwise.

■■ The defendants also contend that this action should have been barred because the plaintiffs were guilty of *laches*. We disagree. The evidence established that the plaintiffs complained promptly, vociferously, and repeatedly about the inadequacies of the drainage system. Furthermore, the defendants failed to show that they were prejudiced by the alleged delay, and absent proof of material prejudice, the plaintiffs cannot be found guilty of *laches*. *Richter v. Collinsville Township* (1981), 97 Ill. App. 3d 801.

■■ The defendants next allege that two letters were erroneously admitted into evidence at trial. The plaintiffs submitted a copy of a letter written to the Illinois Department of Transportation by one of the plaintiffs which explained the drainage problems and difficulties with the road commissioner. The trial court admitted that letter, and a letter in response from the Department of Transportation, over the defendants' objections as to relevancy. The court stated that it would allow the evidence for whatever probative value it might have. We believe the court ruled correctly. The letters suggest that the drainage problems were ongoing and that the plaintiffs sought alternative relief several years before this action was commenced. The probative value of the evidence, though perhaps limited, outweighed any prejudice to the defendants and error in its admission, if any, was harmless.

■■ Finally, the defendants maintain that the road commissioner is solely responsible for construction and repairs associated with township roadways and they therefore urge this court to reverse the order as to Sumner Township. The highway commissioner has a large degree of autonomy in carrying out his duties, but he does not have total autonomy. Township funds must be appropriated for road work and the highway commissioner must submit an annual budget for approval. (Ill. Rev. Stat. 1985, ch. 121, par. 6—501(c).) Therefore, we find that Sumner Township was properly included as a party to this suit.

Accordingly, for all of the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BARRY, P.J., and SCOTT, J., concur.