RICHARD ROSENBAUM *et al.*, Plaintiffs-Appellees, v. JEAN ROSENBAUM, Defendant-Appellant.

First District (2nd Division)   No. 1—88—0217

Opinion filed May 23, 1989.—Rehearing denied June 21, 1989.

Jean Rosenbaum, of Chicago, appellant *pro se.*

Berman, Roberts & Kelly, of Chicago (Edward A. Berman and Antonette C. Hue-Laitsch, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

The defendant, Jean Rosenbaum, appeals from an order of the circuit court of Cook County vacating portions of a permanent injunction

order requiring the plaintiff Richard Rosenbaum, her son, to telephone her no less than once every three months and to meet her in person at least once each year.

This cause originated on the complaint of Richard Rosenbaum and Ann P. Rosenbaum, his wife, seeking a permanent injunction against the defendant, his mother, to restrain her from contacting the plaintiffs by telephone at their home or at their places of employment, and from contacting any personnel at their places of employment.

After an evidentiary hearing on the complaint and *pro se* answer, the trial court entered a permanent injunction order on September 30, 1985, in favor of the plaintiffs and against the defendant as follows:

"1. Defendant is temporarily and permanently enjoined from verbally contacting plaintiffs, except as provided herein below.

2. Defendant is temporarily and permanently enjoined from telephoning the plaintiffs at their places of employment or home and from visiting either of them at their places of employment or home.

3. Defendant may communicate with plaintiffs by written correspondence and plaintiff Richard Rosenbaum shall supply defendant with any new home address he may incur for the forwarding of mail, by six months thereafter.

4. Plaintiff Richard Rosenbaum shall telephone defendant no less than once every three months, which telephone conversation by Richard shall extend for no less than one minute.

5. At least once each year, starting on or about September 26, 1986, Richard Rosenbaum and defendant shall meet in person at a neutral place to be agreed upon, with arrangements to be made through Edward A. Berman or one of defendant's other children.

6. This permanent injunction shall issue for good cause shown and without bond.

7. The Court retains jurisdiction for purposes of enforcing the provisions contained herein."

A month later the plaintiffs filed a motion to delete paragraphs 4 and 5 of the injunction order, but their motion was denied. On March 3, 1987, the plaintiffs filed a motion to vacate the permanent injunction order alleging that the terms and conditions of the order requiring plaintiff Richard to call the defendant were unacceptable and intolerable. This motion was also denied on June 8, 1987, and one month later plaintiffs filed a motion to reconsider that denial alleging that plaintiff Richard was totally unwilling to allow the defendant to become a part of his life in any way; that "it is not within the province of the Court

to regulate all the behavior of individuals, but the injunction seeks to do this"; that compliance with the order is not feasible and is effectively meaningless because "the calls every three months will not fulfill the constant suspicion of the defendant that her son is being or has been harmed in some way"; and that equity does not command that a "court have jurisdiction to supervise feelings between adult parties by imposition of arbitrary demands."

The defendant filed a *pro se* answer that equity requires a change of facts to revoke or modify a permanent injunction; that as a parent of plaintiff Richard she has a common law right to see him; that it is not unreasonable behavior for her to desire to see her son; and that since he does not respond to her letters, it is not a proper answer to the problem. Defendant then filed motions for the production of documents and interrogatories directed to plaintiff Richard. After holding a hearing on all motions, on October 26, 1987, the trial court entered an order denying plaintiffs' motion to reconsider and denying defendant's motions for discovery, but it vacated paragraphs 4 and 5 of the permanent injunction order of September 30, 1985. Defendant filed a timely motion to vacate or modify the latter order or in the alternative to vacate the permanent injunction order entered on September 30, 1985. The motion was denied and defendant now appeals.

Defendant contends that (1) pursuant to section 102(2) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 102(2)), the permanent injunction was entered in accordance with the legislative intent to safeguard family relationships and that the statute did not set any age limits on that goal; (2) the injunction order in its modified form violates her State and Federal constitutional rights to exercise freedom of speech, citing *Santosky v. Kramer* (1982), 455 U.S. 745, 71 L. Ed. 2d 599, 102 S. Ct. 1388, and *Moore v. City of East Cleveland* (1977), 431 U.S. 494, 52 L. Ed. 2d 531, 97 S. Ct. 1932; (3) the injunction order in its modified form does not comply with the provisions of section 11—101 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 11—101) because it failed to set forth the reasons for its entry; (4) the trial court abused its discretion by denying her right to discovery, her right to cross-examination into the plaintiffs' motives for their action, her right to testify as a witness, and failing to consider that despite the fact that plaintiff Richard said he wanted nothing to do with the defendant, he did not waive inheritance rights to her estate; (5) the plaintiffs failed to legally justify the injunction order by alleging and showing actual and substantial injury to them as required by *Barco Manufacturing Co. v. Wright* (1956), 10 Ill. 2d 157, 139 N.E.2d 227, or that there was any urgency in the situation

or irreparable harm to them without modification of the permanent injunction order as required by *Sadat v. American Motors Corp.* (1984), 104 Ill. 2d 105, 470 N.E.2d 997; and (6) she is entitled to and justified in receiving costs from the plaintiffs because of the litigation of this matter.

The issue raised herein involves the ordering of an adult child to communicate with and visit a parent, and the enjoining of a parent from communicating with an adult child except by mail. We do not believe that such matters have been addressed heretofore in Illinois, and we know of no law under which the trial court may so order an adult child.

■ However, the legislature has recognized in the Illinois Domestic Violence Act of 1986 (the Act) (Ill. Rev. Stat. 1987, ch. 40, pars. 2311—1 through 2312—27) that courts do have a role in resolving some family disputes other than those we encounter, for example, in our domestic relations and juvenile laws, none of which is pertinent here. The Domestic Violence Act provides that one being harassed, defined in part as repeated "telephoning [of] petitioner's place of employment, home or residence," by a family member may file a petition for an order of protection. (Ill. Rev. Stat. 1987, ch. 40, pars. 2311—3(4)(ii), 2312—1, 2312—14.) In granting relief, a court may enter "such injunctive relief as may be necessary or appropriate to prevent further abuse [or harassment] *** if supported by the balance of hardships." Ill. Rev. Stat. 1987, ch. 40, par. 2312—14(b)(13).

■ While this statute was enacted after the present action was commenced, it was in effect at the time the order was entered. In the instant case, plaintiffs did not seek and the trial court did not enter a protective order; indeed, at no time did plaintiffs cite the Act or its predecessor (Ill. Rev. Stat. 1985, ch. 40, pars. 2301—1 through 2303—5, 2305—1) in their pleadings or to the judge. However, were this court to vacate the injunction, on the basis that such a family dispute is not justiciable absent some legislative enactment invoked by them, plaintiffs could refile their action under the Act; accordingly, to conserve judicial resources and promote efficiency, we will consider whether the injunction, as modified, is proper under the Act. We find that it is.

■ The Act grants the trial judge the authority to order "appropriate" relief to prevent harassment. Enjoining defendant from telephoning or "verbally" contacting plaintiff Richard, while allowing her to communicate with him through written correspondence, is clearly within the trial court's authority under the Act. (Ill. Rev. Stat. 1987, ch. 40, pars. 2312—14(b)(1), (b)(13).) Additionally, requiring plaintiff son to supply defendant with any new home address, so that she can write

to him, is appropriate under the facts of this case. However, requiring plaintiff Richard to call and visit his mother is not "necessary or appropriate to prevent further [harassment]" (Ill. Rev. Stat. 1987, ch. 40, par. 2312—14(b)(13)); accordingly, such an order is not authorized by the Act. Nor would it be proper under any other Illinois law.

▪ A similar issue was decided in *Stanley F. Schmidt v. Janet Schmidt* (1983), 313 Pa. Super. 83, 459 A.2d 421. There, the court held that an adult handicapped woman who had not been adjudicated incompetent "enjoys many of the same rights and privileges enjoyed by other adult citizens," including

> "a constitutionally protected freedom of choice to make certain basic decisions regarding marriage, procreation, family life and privacy. See, *e.g.*: *Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973); *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972); *Eisenstadt v. Baird*, 405 U.S. 438, 92 S. Ct. 1029, 31 L. Ed. 2d 349 (1972); *Griswold v. Connecticut*, 381 U.S. 479, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (1965); *Meyer v. Nebraska*, 262 U.S. 390, 43 S. Ct. 625, 67 L. Ed. 1042 (1923). This freedom of choice, it would seem, should include the same right which an adult has to refuse to visit a parent[,] *** as well as freedom to make important decisions regarding personal preferences and associates." 313 Pa. Super. at 86-87, 459 A.2d at 422-23.

In the instant case, plaintiff son has chosen not to keep in touch with his mother. This is a sad and unfortunate situation; however, it takes more than a mere secular tribunal to command filial devotion. We agree with the trial court that paragraphs 4 and 5 of the permanent injunction order should be vacated.

▪ With regard to defendant's argument that the injunction order in its modified form does not conform with section 11—101 of our Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 11—101), providing for temporary restraining orders, we note that the order appealed from is a permanent injunction, and thus that section is not applicable to this case. Since we find defendant's remaining claims of error to be irrelevant to the issues in this case, we need not address them.

For the foregoing reasons, the judgment of the circuit court of Cook County vacating paragraphs 4 and 5 of the permanent injunction order is affirmed.

Affirmed.

HARTMAN and DIVITO, JJ., concur.