# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Knox v. Godinez*, 2012 IL App (4th) 110325

---

| | |
|---|---|
| Appellate Court Caption | CHRISTOPHER KNOX, Plaintiff-Appellant, v. S.A. GODINEZ, Director, The Department of Corrections, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-11-0325 |
| Filed | March 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An inmate's complaint seeking *mandamus,* injunctive, and declaratory relief against the director of the Department of Corrections based on his claim that his disciplinary reports were void because the disciplinary proceedings were conducted under a provision of the Unified Code of Corrections that had been held unconstitutional due to a violation of the single-subject rule was properly dismissed with prejudice, since the violation was corrected by the reenactment of the provisions on July 22, 2003, and therefore no violation of the inmate's due-process rights occurred after that date; however, even if the amended section was improperly applied to the inmate, his rights were not violated where the amendments did not affect his right to notice, his opportunity to call witnesses and present evidence, his entitlement to a statement of the reasons for the disciplinary action and the evidence sustaining the charge, or his right to have the decision supported by some evidence. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 09-MR-588; the Hon. Patrick J. Londrigan, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Christopher Knox, of Tamms, appellant *pro se*. |
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Elaine Wyder-Harshman, Assistant Attorney General, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion. |
| | Justices Steigmann and McCullough concurred in the judgment and opinion. |

## OPINION

¶ 1      Plaintiff, Christopher Knox, an inmate with the Department of Corrections (DOC), appeals the Sangamon County circuit court's dismissal with prejudice of his *pro se* second-amended complaint, which sought *mandamus*, injunctive, and declaratory relief against defendant, S.A. Godinez, director of DOC. Plaintiff's second-amended complaint rested on the allegation his disciplinary reports from June 1, 1997, to the present were void and in violation of his due-process rights and state-created liberty and property interests because DOC conducted his disciplinary proceedings under the authority of section 3-8-7 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-8-7 (West 1996) (text of section effective June 1, 1997)) as amended by Public Act 89-688 (Pub. Act 89-688, § 5 (eff. June 1, 1997) (1996 Ill. Laws 3738, 3758-59)), which this court found unconstitutional (*People v. Foster*, 316 Ill. App. 3d 855, 860, 737 N.E.2d 1125, 1130 (2000)). We affirm.

¶ 2                          I. BACKGROUND

¶ 3      On April 2, 2009, plaintiff filed a *pro se* complaint under section 1983 of the Civil Rights Act (42 U.S.C. § 1983 (2006)), seeking injunctive and declaratory relief. To his complaint, plaintiff attached his DOC disciplinary record, which listed his numerous disciplinary actions from November 13, 1994, to February 8, 2007. The complaint was against then-director of DOC, Roger E. Walker. Walker is no longer the director, and Godinez, the current DOC director (Director), has been substituted as defendant in this case.

¶ 4      On April 24, 2009, plaintiff sought leave to file an amended complaint, which the trial court granted. The amended complaint sought a writ of *mandamus* and injunctive and declaratory relief. The Director filed a motion to dismiss the amended complaint under

section 2-615 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-615 (West 2008)). Plaintiff filed a response, attaching a January 1998 DOC bulletin that listed changes to, *inter alia*, title 20, part 504, of the Illinois Administrative Code (20 Ill. Adm. Code 504, amended at 22 Ill. Reg. 1206 (eff. Jan. 1, 1998)) and referenced Public Act 89-688. In August 2010, the trial court granted the motion to dismiss and allowed plaintiff to file another complaint.

¶ 5 Later in August 2010, plaintiff filed his first-amended complaint, and the Director again filed a motion to dismiss under section 2-615 (735 ILCS 5/2-615 (West 2010)). In November 2010, plaintiff sought leave to file a second-amended complaint, which requested *mandamus*, injunctive, and declaratory relief. Specifically, plaintiff sought to require DOC to (1) comply with the current version of section 3-8-7 of the Unified Code; (2) expunge all of his disciplinary actions adjudicated from June 1, 1997, to the present under the authority of Public Act 89-688; (3) "cure and correct the infirmities that were caused under the authority of Public 89-688"; (4) refrain from conducting disciplinary proceedings under Public Act 89-688; (5) release plaintiff from disciplinary- and indeterminate-segregation status, which were imposed under Public Act 89-688; (6) restore all of plaintiff's rights and privileges that were taken away under Public Act 89-688; and (7) refrain from violating his fourth- and eighth-amendment rights (U.S. Const., amends. IV, VIII). The Director filed a response opposing plaintiff's motion for leave to file a second-amended complaint. In his response, the Director argued plaintiff's second-amended complaint would still be subject to dismissal under section 2-615 for failure to state a cause of action. He further asserted the second-amended complaint would also be subject to dismissal under section 2-619(a)(9) of the Procedure Code (735 ILCS 5/2-619(a)(9) (West 2010)) because the action was barred by the doctrine of *laches*. Plaintiff filed a response, asserting his second-amended complaint would not be subject to dismissal under either section of the Procedure Code.

¶ 6 On April 8, 2011, the trial court filed a written order, dismissing plaintiff's second-amended complaint under (1) section 2-615 because plaintiff failed to establish the requirements for *mandamus*, injunctive, and declaratory relief and (2) section 2-619 because plaintiff's *mandamus* claim was barred by the doctrine of *laches*. On April 15, 2011, plaintiff filed his timely notice of appeal from the court's grant of the Director's motion to dismiss. While his notice of appeal does not comply with the notice-of-appeal form contained in Illinois Supreme Court Rule 303(b) (eff. May 30, 2008), the State has not alleged any prejudice from the form's deficiencies, and thus we find those deficiencies are not fatal. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176, 950 N.E.2d 1136, 1144 (2011). Accordingly, this court has jurisdiction of plaintiff's appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 7 II. ANALYSIS

¶ 8 A. Standard of Review

¶ 9 This court has stated the standard of review for a motion to dismiss as follows:

"When a trial court rules upon a motion to dismiss a complaint either for failure to state a cause of action (735 ILCS 5/2-615 (West 2008)) or because the claims raised in

the complaint are barred by other affirmative matter that avoids the legal effect of or defeats the claim (735 ILCS 5/2-619(a)(9) (West 2008)), it must interpret all of the pleadings and the supporting documents in the light most favorable to the nonmoving party. [Citation.] Such motions to dismiss should be granted only if the plaintiff can prove no set of facts that would support a cause of action. [Citation.] A trial court's grant of a motion to dismiss pursuant to either section 2-615 or section 2-619 of the [Procedure] Code is subject to a *de novo* standard of review on appeal." *Westfield Insurance Co. v. Birkey's Farm Store, Inc.*, 399 Ill. App. 3d 219, 230-31, 924 N.E.2d 1231, 1242 (2010).

¶ 10                                       B. Section 3-8-7 of the Unified Code

¶ 11        Section 3-8-7 of the Unified Code (730 ILCS 5/3-8-7 (West 2010)) addresses disciplinary procedures in DOC and, *inter alia*, requires all disciplinary action to be consistent with chapter III of the Unified Code (730 ILCS 5/ch. III (West 2010)). Before the enactment of Public Act 89-688, section 3-8-7 (1) provided "[d]isciplinary restrictions on visitations, work, education or program assignments, and the use of the prison's library shall be related as closely as practicable to abuse of such privileges or facilities"; (2) placed limits on the number of days a prisoner could spend in solitary confinement for nonviolent offenses; and (3) imposed time requirements for filing a written infraction report and commencing a disciplinary proceeding. See 730 ILCS 5/3-8-7(b)(2), (b)(3), (c) (West 1996) (text of section effective until June 1, 1997). Moreover, with regard to disciplinary cases that could result in, *inter alia*, the loss of good-time credit, the Director had to establish disciplinary procedures consistent with six enumerated principles, which included (1) having, to the extent possible, a person representing the counseling staff participate in determining the disciplinary disposition; (2) providing a charged inmate may be permitted to question a person summoned to testify at the hearing; and (3) prohibiting a change in work, education, or other program assignment as discipline except under certain conditions. See 730 ILCS 5/3-8-7(e)(1), (e)(4), (e)(6) (West 1996) (text of section effective until June 1, 1997).

¶ 12        In 1996, the legislature enacted Public Act 89-688 (Pub. Act 89-688, § 5 (eff. June 1, 1997) (1996 Ill. Laws 3738, 3758-59)), which amended section 3-8-7 of the Unified Code. See 730 ILCS 5/3-8-7 (West 1996) (text of section effective June 1, 1997). The amendments to section 3-8-7 included deleting the provisions mentioned in the above paragraph. Pub. Act 89-688, § 5 (eff. June 1, 1997) (1996 Ill. Laws 3738, 3759). In October 2000, this court found Public Act 89-688 was unconstitutional because it violated the single-subject rule. *Foster*, 316 Ill. App. 3d at 860, 737 N.E.2d at 1130.

¶ 13        In 2003, the legislature enacted Public Act 93-272, which expressly reenacted section 3-8-7 of the Unified Code (730 ILCS 5/3-8-7 (West Supp. 2003)), "including the provisions added and deleted by Public Act 89-688." Pub. Act 93-272, § 1(b) (eff. July 22, 2003) (2003 Ill. Laws 2422). The legislature declared the reenactment was "intended to remove any question as to the validity or content of those provisions." Pub. Act 93-272, § 1(b) (eff. July 22, 2003) (2003 Ill. Laws 2422). Public Act 93-272 has not been declared unconstitutional, and section 3-8-7 of the Unified Code (730 ILCS 5/3-8-7 (West 2010)) has not been

amended since Public Act 93-272's enactment.

¶ 14                              B. Failure To State a Cause of Action

¶ 15        In his second-amended complaint, plaintiff requested *mandamus*, injunctive, and declaratory relief based on the same allegations.

¶ 16        Regarding *mandamus* actions, this court has stated the following:

   " '*Mandamus* relief is an extraordinary remedy to enforce, as a matter of right, the performance of official duties by a public official where the official is not exercising discretion. A court will not grant a writ of *mandamus* unless the petitioner can demonstrate a clear, affirmative right to relief, a clear duty of the official to act, and clear authority in the official to comply with the writ. The writ will not lie when its effect is to substitute the court's judgment or discretion for the official's judgment or discretion. *Mandamus* relief, therefore, is not appropriate to regulate a course of official conduct or to enforce the performance of official duties generally.' " *Dye v. Pierce*, 369 Ill. App. 3d 683, 686-87, 868 N.E.2d 293, 296 (2006) (quoting *Hatch v. Szymanski*, 325 Ill. App. 3d 736, 739, 759 N.E.2d 585, 588 (2001)).

Moreover, an inmate's claim of a due-process-rights violation can also state a cause of action for *mandamus*. *Dye*, 369 Ill. App. 3d at 687, 868 N.E.2d at 296. In *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), the United States Supreme Court held due-process principles required inmates receive the following in disciplinary proceeding, which may result in the loss of good-time credits:

   "(1) notice of the disciplinary charges at least 24 hours prior to the hearing; (2) when consistent with institutional safety and correctional goals, an opportunity to call witnesses and present documentary evidence in their defense; and (3) a written statement by the fact finder of the evidence relied on in finding the inmate guilty of committing the offense and the reasons for the disciplinary action." *Dye*, 369 Ill. App. 3d at 687, 868 N.E.2d at 296.

The Supreme Court later added that, to satisfy an inmate's due-process rights, the findings of the prison disciplinary board must also be supported by some evidence in the record. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985).

¶ 17        As to injunctive relief, the complaint " 'must contain on its face a clear right to relief and state facts which establish the right to such relief in a positive certain and precise manner.' " *Sadat v. American Motors Corp.*, 104 Ill. 2d 105, 116, 470 N.E.2d 997, 1002 (1984) (quoting *Parkway Bank & Trust Co. v. City of Darien*, 43 Ill. App. 3d 400, 406, 357 N.E.2d 211, 217 (1976)). The "factual allegations must specifically establish the inadequacy of legal remedy and the irreparable injury the plaintiff will suffer without the injunction." *Sadat*, 104 Ill. 2d at 116, 470 N.E.2d at 1002.

¶ 18        Last, to state a cause of action for declaratory judgment, the plaintiff must assert the following: " '(1) that he has a tangible legal interest with regard to the claim, (2) that the defendant's conduct is opposed to that interest, and (3) that there is an ongoing controversy between the parties that is likely to be prevented or resolved if the court decides the case.' "

*Catom Trucking, Inc. v. City of Chicago*, 2011 IL App (1st) 101146, ¶ 21, 952 N.E.2d 170, 178 (quoting *Young v. Mory*, 294 Ill. App. 3d 839, 845, 690 N.E.2d 1040, 1044 (1998)).

¶ 19    Plaintiff's second-amended complaint is based on the allegation that, from June 1, 1997, to the present, DOC has continued to apply the unconstitutional section 3-8-7 of the Unified Code as amended by Public Act 89-688 to its disciplinary proceedings. Based on that fact, plaintiff contends his due-process rights have been violated and his disciplinary reports are void. He sets forth the allegations of his second-amended complaint in very general terms and does not cite any specific instances in his disciplinary proceedings, in which DOC applied the incorrect version of section 3-8-7 or violated his due-process rights.

¶ 20    Taking as true DOC applied and continues to apply section 3-8-7 of the Unified Code as amended by Public Act 89-688 (730 ILCS 5/3-8-7 (West 1996) (text of section effective June 1, 1997)), plaintiff cannot state a cause of action for *mandamus* or any other form of relief based on disciplinary actions after July 22, 2003. At that point, Public Act 93-272 became effective and reenacted all of the amendments to section 3-8-7 of the Unified Code made by Public Act 89-688. We note this court found Public Act 89-688 was unconstitutional because it violated the single-subject rule, which means the matters included in Public Act 89-688 did not have a natural and logical connection to a single subject (see *Foster*, 316 Ill. App. 3d at 859, 737 N.E.2d at 1129). Accordingly, the legislature did not have to substantively change the amendments of Public Act 89-688 to section 3-8-7 to make them constitutional. In fact, the legislature did not make any changes to the amendments, and section 3-8-7 as amended by Public Act 93-272 is substantively the same as section 3-8-7 as amended by Public Act 89-688. Thus, DOC's alleged application of section 3-8-7 of the Unified Code as amended by Public Act 89-688 after July 22, 2003, was and is consistent with the existing law of section 3-8-7 of the Unified Code as amended by Public Act 93-272, and no injury to plaintiff or a controversy between the parties exists.

¶ 21    As to plaintiff's disciplinary actions between June 1, 1997, and July 21, 2003, plaintiff is correct the applicable version of section 3-8-7 of the Unified Code was the one effective prior to Public Act 89-688 (730 ILCS 5/3-8-7 (West 1996) (text of section effective until June 1, 1997)). See *Arnett v. Snyder*, 331 Ill. App. 3d 518, 523, 769 N.E.2d 943, 947 (2001). However, DOC's alleged application of section 3-8-7 as amended by Public Act 89-688 does not mean plaintiff's disciplinary proceedings violated his due-process rights. As stated, this court found Public Act 89-688 unconstitutional based on a violation of the single-subject rule, not because the amendments created by Public Act 89-688 violated an inmate's due-process rights. Moreover, plaintiff has not alleged the amendments to section 3-8-7 established by Public Act 89-688 affect his due-process rights set forth by the Supreme Court in *Wolff* and *Hill*, and we agree with the Director the amendments do not do so. While Public Act 89-688 deleted provisions that could be considered favorable to inmates, the amendments did not affect an inmate's (1) right to notice of the disciplinary charges, (2) opportunity to call witnesses and present evidence, (3) entitlement to a written statement of the reasons for the disciplinary action and the evidence relied on in sustaining the charge, or (4) right to have the decision supported by some evidence. See *Dye*, 369 Ill. App. 3d at 687, 868 N.E.2d at 296; *Hill*, 472 U.S. at 454 . Thus, even if DOC improperly applied section 3-8-7 as amended by Public Act 89-688, plaintiff's due-process rights were not violated.

¶ 22    Additionally, with respect to plaintiff's disciplinary proceedings between June 1, 1997, and July 21, 2003, plaintiff did not have a state-created liberty or property interest in the provisions of the version of section 3-8-7 before the enactment of Public Act 89-688 (730 ILCS 5/3-8-7 (West 1996) (text of section effective until June 1, 1997)) because those provisions did not affect plaintiff's due-process rights. This court has emphasized the provisions in the Unified Code are designed to provide guidance to prison officials in the administration of prisons and create no more rights for inmates than those which are constitutionally required. *Ashley v. Snyder*, 316 Ill. App. 3d 1252, 1258, 739 N.E.2d 897, 902 (2000).

¶ 23    Since plaintiff's due-process rights were not violated by an application of section 3-8-7 as amended by Public Act 89-688 and plaintiff lacked a right to enforce and a legal interest in the prior version of section 3-8-7, plaintiff cannot state any cause of action for relief for DOC's alleged application of section 3-8-7 as amended by Public Act 89-688 between June 1, 1997, and July 21, 2003. Accordingly, the trial court properly dismissed plaintiff's second-amended complaint under section 2-615 of the Procedure Code for failure to state a cause of action. Because we have affirmed the trial court's dismissal under section 2-615, we do not address any issues related to a dismissal under section 2-619.

¶ 24                                    III. CONCLUSION

¶ 25    For the reasons stated, we affirm the Sangamon County circuit court's dismissal with prejudice of plaintiff's second-amended complaint.

¶ 26    Affirmed.